*327 Curia, per
Evans, J.
If the objection be, that the witness is incompetent on the ground of interest, it must appear, either that the record would be evidence for or against him, or that the verdict will subject him to or discharge him from a liability, but this must be a direct and immediate result, and not remote or contingent. I do not perceive that the record in this case, could ever be used in an action against the witness, nor is it very obvious that he could be sued by either the plaintiff or defendant. He was rather the agent of Black & Arthur, the plaintiff’s attornies, and would be liable to them, should they be compelled to pay the money to the plaintiffs, as they would, in the event it was not recovered out of Pooser. So that Cheves’s interest is somewhat of the character of Gadsden’s in the case of Johnson vs. Harth, 2 Bail., 185, not an immediate but a remote liability, and somewhat contingent, for if he received the money as a gratuitous act, he would not be necessarily liable. He would be a bailee without reward, and excused for non-delivery, by showing that the money had been lost without fault or negligence.
But the case of agents constitutes an exception to the . general rule, that persons interested in the result of a suit, are incompetent. In the case of Marshall vs. Nagel & Thompson, 1 Bail., 308, Judge Col cock said, “whether the witness be viewed as an attorney or a common agent he was competent. Where the interest of third persons is concerned, ex necessitate he must be admitted.” The same thing is said by Johnson, J., in 4 McCord, 412, and is sustained by 2 Stark. Ev., 768, and in Benjamin vs. Porteus, 2 H. Bl., 590. In the case of Marshall vs. Nagel & Thompson, the attorney, Simkins, had given a receipt for a sum of money, on account of this case and the case of one Carlivright. Marshall’s action was then pending, and Cartwright’s was in judgment. On the trial of the case, the defendants insisted on applying the payment of a part of it to this debt. The attorney, notwithstanding the receipt,, was allowed to prove, that by an agreement between him and Nagel, the money had been paid to Cartwright’s case, leaving Marshall’s case unpaid. There can be no doubt of Simkins’s liability to Marshall on this receipt, if the pla,ip *328 tiff had failed to recover against the defendants, but yet he was held to be a competent witness, from the necessity of the case. In Benjamin vs. Porteus, the witness, (a factor,) was to receive the excess of the price beyond a specified sum, for his own use, yet he was held a competent witness.
The American Reporters are full of cases sustaining the same principle, that in controversies between third persons, agents are ádmitted, of necessity, although they may be affected by the result of the case. I am, therefore, of opinion, that the witness was competent, and the evidence ought to have been received.
The general rule is, that parol evidence is inadmissible to contradict a written instrument; but cases of mistake, like the present, are exceptions to the rule; but the evidence of mistake should be very clear, to show that the money was not paid, when the party has acknowledged in writing that it was.
Motion granted.
Richardson and O’Neall, JJ., concurred.